## Bugbee *v.* Thompson.

Where two defendants both reside in the same house, it is not a sufficient service of a writ upon them to leave a single copy or summons at the common residence, or to give such single copy or summons to one of them at the dwelling-house of both.

FOREIGN ATTACHMENT. The defendants were described in the writ as "formerly partners, doing business under the name and style of J. H. & H. Q. Thompson."

The officer who served the writ returned that he summoned said John H. Thompson by leaving at his last and usual place of abode a true and attested copy of the writ. The defendants pleaded in abatement that the writ had not been served upon Hosea Q. Thompson, and the plaintiff moved that the officer have leave to amend his return by adding another certificate, that he summoned said Hosea Q. by giving to him a true and attested copy of the writ. The facts were that said Hosea Q. lived with said John H., that the officer called at their house when John H. was absent, and there gave a copy of the writ to Hosea Q., and that the officer left no other copy at the house of John H., and gave no other copy to Hosea Q. A motion was made to amend the transferred case, which amendment is considered in the opinion of the court.

---

---

*Burrows,* for the plaintiff.

*Clark,* for the defendants, specially.

FOWLER, J.   The officer left but a single copy at the common residence of the two defendants. He returned that he left it at the residence of one of them. He asks to make a new return, stating that he gave the same copy to the other. The case finds the copy was in fact given to the other, but the amendment to the case, desired by the defendant and fully sustained by evidence, goes to show that it was actually given to neither, but handed to a brother of both, at their common residence.

It does not occur to us that the desired amendment to the case could in any way affect the result to be arrived at by us. The effect of its allowance would only be to show that the proposed amendment to the officer's return should not be made, because it would be false. But it is quite clear, upon the facts stated in the case as drawn, that if the proposed return were true, the existing one must be false, and therefore the new return could only be allowed upon condition of erasing the original one, and granting to John H. Thompson the same time to plead that he would have had if it had never been made.

But, as before suggested, it seems wholly immaterial whether the case be amended or not. If amended, and the officer should then ask leave to amend his return by stating that the copy was left at the house of Hosea Q. Thompson, the precise question raised by the case, as already drawn, would be presented, namely, whether, where two defendants reside in the same house, it is a sufficient service of the writ upon both, to leave or give a single copy, or summons, for or to both of them; and we think it cannot be. The statute requires each defendant, resident within the jurisdiction of the court, to be notified of the pendency of the suit, by having delivered to him, or left

at his usual place of abode, a summons in the form prescribed by law, or a true and attested copy of the writ, or by having the writ read to him personally by the officer. This requisition must be literally and strictly complied with. It is wholly immaterial, so far as the service of the writ is concerned, whether two or more defendants reside in the same or in different houses. The service of process is to be made according to the requirement and manifest intention of the law, and no attempt of an officer to avail himself of the advantages of a full discharge of his duty, by performing only a portion of it, is to be countenanced or tolerated.

Upon the facts shown by the evidence upon the application to amend the case, there is no ground for any amendment of the officer's return; and upon those stated in the case drawn, it would not be a proper exercise of the discretion of the court to grant leave to amend the officer's return as desired, because no advantage to the cause of truth and justice would thereby be gained.

*Amendment refused.*